IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,250-02 AND WR-63,250-03






EX PARTE TREMONT D. WILLIAMS, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS 2003CR6219W AND 2003CR6220W 


IN THE 379TH DISTRICT COURT FROM BEXAR COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
driving while intoxicated and sentenced to twelve (12) years' imprisonment in each count. 

 Applicant alleges that the TDCJ violated his due process rights when it imposed sex offender
conditions upon his release on parole as he has never been convicted of a sex offense. Specifically,
he alleges that he was charged with aggravated assault of a child in 1992 but that the charge was
dismissed. In 2009, the TDCJ nevertheless imposed sex offender conditions such as the child safety
zone and sex offender counseling conditions upon his release on parole. Applicant alleges that he
was never afforded notice and the opportunity to contest the validity of these conditions. 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Campbell, 267
S.W.3d 916 (Tex. Crim. App. 2008); Coleman v. Dredke, 395 F.3d 216 (5th Cir 2004 ). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d), in
that it shall order the Texas Department of Criminal Justice's Office of the General Counsel to file
an affidavit addressing: (1) whether Applicant has been convicted of a sex offense and, if so, shall
detail such convictions; (2) whether Applicant was notified that the sex offender conditions would
be imposed and, if so, shall detail when such notice was given, and, (3) whether Applicant was given
an opportunity to contest the validity of the conditions at a hearing and, if so, shall detail when such
hearing was held. 

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to whether Applicant's due process rights were
violated when the TDCJ imposed sex offender conditions upon his release on parole. Specifically,
the trial court shall make findings of fact as to whether Applicant has been convicted of a sex
offense. The trial court shall also make findings of fact as to whether Applicant was notified that
the sex offender conditions would be imposed. The trial court shall also make findings of fact as to
whether Applicant was given an opportunity to contest the validity of the conditions at a hearing. 
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: August 19, 2009

Do not publish